NEWPORT CONTRACTING AND ENGINEERING COMPANY, INC., *v.* GLOBE INDEMNITY COMPANY ET AL.

*Assignment—Of Sums Payable Under Contract—Bond of Subcontractor—Extent of Liability.*

A direction by a subcontractor to the contractor to make to another all payments, "both the ninety per cent. monthly and the final ten per cent," "this being in consideration of moneys

advanced me and services rendered," *held,* for the purpose of determining liability on the subcontractor's bond, to constitute an assignment of the instalments as they became due under the subcontract, in consideration of advancements to be made and services to be rendered, and not in consideration of past services and advances on the part of the assignee.    pp. 212-214

A contractor, by making the payments provided for by a subcontract, as the work progressed, to a third person, in accordance with directions from the subcontractor, *held* not to have violated any duty which he owed the surety on the subcontractor's bond, nor to have materially lessened the latter's security.    p. 214

A government contractor, having paid a judgment, recovered on his bond, for the amount of labor and materials furnished a subcontractor, could recover the amount of such payment in a suit on the subcontractor's bond, considering the obligation of such bond in the light of the provisions of the subcontract, and of the contract with the government, incorporated by reference in the subcontract.    pp. 214-216

*Decided December 4th, 1925.*

Appeal from the Superior Court of Baltimore City (Solter, J.)

Action by the Newport Contracting and Engineering Company, Inc., against Michael Beccio and the Globe Indemnity Company of New York. From a judgment for said indemnity company, the plaintiff appeals. Reversed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Parke, JJ.

*John T. Tucker* and *L. A. McMurran,* with whom were *Keech, Deming & Carman,* and *Nelms, Colonna & McMurran,* on the brief, for the appellant.

*Charles F. Harley,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

On the first day of August, 1922, the appellant, the Newport Contracting and Engineering Co., Inc., entered into an agreement with one Michael Beccio by which the latter agreed to furnish all labor required "to do all concrete work, * * * plastering and stucco work," required in connection with the contract made by the appellant with the United States government for alterations to seven buildings located on the government reservation known as Edgewood Arsenal, Maryland, for the sum of twelve thousand one hundred and eighty dollars. The payments for the work to be done under the contract with Beccio were to be made as the work progressed, "less ten per cent. of the estimated value of completed work, and the remainder of the contract price upon the completion and acceptance of the entire work, and satisfactory evidence is furnished of freedom from any lien or claim against the labor or material of this contract."

It was especially provided in the contract with Beccio that the work to be done thereunder was to be in accordance with the plans and specifications, etc., of the general contract between the government and the appellant for the alterations to said buildings, and by the express terms of the subcontract, said plans and specifications were "agreed and declared to be" a part thereof "as if fully written" therein; and it was further provided by the contract that Beccio should execute and deliver to the appellant a bond conditioned "for the faithful performance of all the terms and conditions" of the agreement, "and the several specifications therein referred to, and for the purpose of indemnifying the appellant against all loss or damage to property or person that might result from "any act or omission" of Michael Beccio.

On the fourteenth day of August, 1922, Michael Beccio, pursuant to the above-mentioned provision of the agreement, delivered to the appellant a bond executed by him, as principal, and the appellee, the Globe Indemnity Company of New York, as surety, the condition of which was that if he the principal should faithfully perform the contract made by

him with the appellant, on his part to be performed, accord-
ing to the terms, covenants and conditions thereof, then the
bond should be void; otherwise to remain in full force and
effect.

As claimed by the appellant, Beccio defaulted in his con-
tract, and as a result of his default the suit in this case was
brought upon said bond by the appellant against Beccio and
his surety, the appellee.

The declaration contains the common counts and one spe-
cial count in which both the contract or agreement between
the appellant and Beccio, and said bond, for the faithful
performance of said agreement, are fully set out, and in
which it is alleged "that the defendant Michael Beccio did
not furnish all the labor required to do the work specified
in the said contract in accordance with the terms, conditions
and specifications thereof, in consequence of which the plain-
tiff was obliged, at great expense, to furnish the labor re-
quired to do a large part of the said work, and also to pay a
large sum of money in discharge of liability to other persons
who furnished labor in connection with said work; and as a
further result of the said Michael Beccio's failure to fur-
nish the labor required of him under the said contract, the
plaintiff's business and plans were greatly disrupted and
disorganized; all of which have been to the great damage
of the plaintiff."

A bill of particulars asked for by the defendants was
filed, and exceptions thereto sustained. An amended bill
of particulars was then filed, and exceptions to it were like-
wise sustained; whereupon a second amended bill of par-
ticulars was filed, to which exceptions were likewise filed
though subsequently withdrawn, and a demurrer "to the
*nar.,*" entered short on the docket, was sustained; and upon
the refusal of the plaintiff to declare over, a judgment for
the defendant, the Globe Indemnity Company of New York,
was entered by the court. It is from that judgment that the
appeal in this case is taken.

The demurrer, which went to the whole declaration, in

which were the common counts, should have been overruled when considered upon the declaration alone, but by agreement of the parties we are asked, in passing upon the demurrer, to consider the declaration in connection with the amended bill of particulars and to decide whether or not certain items of payment found therein, with which the appellee claims it is not chargeable under the bond, are recoverable in this action.

The amounts disclosed by the amended bill of particulars, which the plaintiff seeks to recover, may be grouped in three classes: First. Amounts paid by the plaintiff for labor to complete the concrete work, etc., after its alleged abandonment by Beccio. Second. Amounts paid by the plaintiff to one E. T. Sprague on the order of Beccio. Third. Amounts paid by the plaintiff to Dante Flabbi, trading as Dante Flabbi & Co.

There is no controversy as to the payments under the "first" class, but the appellee contends that in estimating how much in excess of the contract price the plaintiff was required to pay for the labor which under the contract Beccio had agreed to furnish, thereby determining the amount of the appellee's liability under the bond, the appellant could not properly include either the "second" or "third" classes, and if the payments under either were excluded there would be no liability under the bond, as the amount ($1,574.00) claimed by the appellant to be owing to it because of the default of Beccio is less than the amount paid in either of said two classes.

The amended bill of particulars discloses that under the "second" class four payments were made which were as follows:

On September 22nd, $1,170; on October 24th, $3,000; On Nov. 23rd, $1,500, and on Dec. 19th, $1,652.25, all of the year 1922. The entry in respect to the first of these payments is as follows:

"Amount due to Michael Beccio under said contract and paid to E. T. Sprague pursuant to letter from

Michael Beccio to plaintiff, a copy of which is attached hereto."

The entries as to the other payments are practically the same. The "said contract" mentioned in the entry is the contract made by appellant with Michael Beccio, dated August 1st, 1922, previously mentioned in the bill of particulars; and the following letter is the one referred to in said entry:

"Baltimore, Md., August 1, 1922.
"Newport Contracting & Engineering Co.,
  "Baltimore, Md.
"Gentlemen:

"In connection with the contract from your concern to myself for work on alterations of seven buildings under plans 7618-D at Edgewood Arsenal, Md., amounting to $12,180, I hereby authorize and instruct you to make all payments both the ninety per cent. monthly and the final ten per cent. payment to E. T. Sprague, this being in consideration of moneys advanced me and services rendered.

"Very truly yours,
                    "Michael Beccio."

The above letter, which was written on the day of the execution of the contract between the appellant and Beccio, is construed and treated by the appellee as an assignment, without its knowledge or consent, of all the money Beccio was to receive for the labor he was to furnish under his contract with the appellant, in payment of money and services previously advanced and rendered by Sprague to him; and it is contended by the appellee that such application of the money was prejudicial to its interest, as it deprived Beccio of the use of the money in the procurement of the labor which he, under the contract, was to furnish the appellant, thereby increasing the risk and hazard assumed by the appellee as surety upon the bond. This, however, is not our interpretation of the meaning of the letter, whatever might be its effect as interpreted by the appellee. As stated in the

letter, the payments to Sprague were to be made in connection with the contract between the appellant and Beccio. The payments under that contract were not to be made before the work was done, but as it progressed, and the whole consideration therefor was not at such time to be paid, but only ninety per cent. of the amount then earned, the balance to be paid when the work was completed. The appellant, by the letter, was authorized and instructed to make these payments, "both the ninety per cent. monthly and the final ten per cent payment" to Sprague, the ninety per cent payment as the work progressed and the ten per cent. payment when the entire labor was furnished. No part of the consideration for the labor was to be paid either to Sprague or to Beccio in advance of its being earned.

There is nothing in the letter showing that the assignment of such installments was in payment of an existing indebtedness, either for money advanced or services previously rendered by Sprague to Beccio. It is true the letter concludes by saying "this being in consideration of money advanced me and services rendered," but this language, we think, may be fairly and reasonably construed to mean that the payments were to be made to Sprague in consideration of "money advanced and services rendered" by Sprague to Beccio in connection with the procurement of the labor performed by Beccio, under his contract, to the times of such payments.

That the payments were not to be made to Sprague, and in fact were not made to him, under the authority of the letter, until the amounts of such payments were due to and demandable by Beccio, is further shown by the bill of particulars; and, as we have stated, such payments were in no sense advancements upon the contract price for the labor to be performed by Beccio, but were payments made for the work as it progressed, as authorized by the contract.

In *De Mattos v. Jordan,* 15 Wash. 388, a case somewhat similar to the one before us, it was said by the court: "It appears in the evidence that the contractor, Jordan, purchased a lot of brick from the agent of the Elliott Brick

Company, during the month of June, which he did not pay for, but gave the seller an order on appellant for the amount due, $1,672, requesting him to charge the same to the account of the payment falling due on the next succeeding estimate. Appellant accepted the order for $1,672, payable July 1st, the day on which the estimate was due, and, as he says, to accommodate the brick man, paid him $100, the balance of the order. The estimate was duly made, and the amount of the order deducted therefrom, and the balance, some $3,800, was paid to the contractor. Did this transaction amount to making payment in advance of the estimate? Clearly not. It was not an advancement of any sum whatever to Jordan, and was not intended by him to be such, but was simply a request by him to pay the drawee, out of whatever sum might be due from appellant on the next estimate." *Bell v. Paul,* 35 Neb. 240.

The payments made to Sprague in this case were not only not advancements, as we have shown, but we fail to discover that the appellant in making them violated any duty which he owed the appellee, or that the latter's security was materially lessened thereby. *Museum of Fine Arts v. American Bonding Company,* 211 Mass. 129.

We now come to the "third" class to which we have referred. The entry found in the bill of particulars in respect to the payment made therein, is as follows:

"1924

"June 4—Paid to Dante Flabbi, trading as Dante Flabbi & Co., for plastering and stucco work agreed to be done by said Michael Beccio under said contract, which plastering and stucco work the said Flabbi performed under a contract between him and the said Michael Beccio ......................$2,801.22

"(The plaintiff made this payment after, upon trial, judgment was entered against it in favor of said Dante Flabbi, trading as Dante Flabbi & Co., in the District Court of the United States for the District of Maryland, in a suit therein entitled 'United States of Amer-

ica, for the use of Dante Flabbi, trading as Dante Flabbi & Co., vs. Newport Contracting Co., Inc., and Fidelity & Deposit Co. of Maryland,' the said suit having been instituted on a claim of said Dante Flabbi, trading as Dante Flabbi & Co., for the said plastering and stucco work performed by him as aforesaid.)"

The alterations to the government buildings were made by the appellant under a contract with the United States government. In such cases the contractor is, by Act of Congress, Aug. 13th, 1894, chapter 280, as amended by Act of Feb. 4th, 1905, chapter 778, required to execute the usual penal bond with approved security, "with the additional obligation that such contractor * * * shall promptly make payments to all persons supplying him * * * with labor and materials in the prosecution of the work provided for in such contracts."

In this case the appellant as principal executed a bond, containing the above obligation, with the Fidelity & Deposit Company of Maryland as his surety thereon. Beccio, under his contract with the appellant, undertook to furnish certain labor required under the latter's contract with the government, and to carry out such undertaking Beccio contracted with Flabbi, whereby the latter was to furnish a part of the labor which Beccio was to furnish under his contract with appellant. Flabbi was not paid the full amount owing him under his contract with Beccio for work he did thereunder, and as a result thereof it appears that the bond of the appellant was put in suit in the District Court of the United States, and a judgment obtained therein for the amount named in said item of the bill of particulars. It was not until that judgment was obtained and the appellant's liability thereby established that it paid Flabbi's claim.

It will be remembered that in the contract made by Beccio with the appellant special reference is made to the appellant's contract with the government, and by his contract with the appellant he was to do the work therein mentioned in accordance with the plans and specifications contained in the

appellant's contract with the government, and further that such plans and specifications "were declared and agreed to be" a part of his contract with the appellant, as if fully written therein; and in the contract last named Beccio agreed to execute and deliver to the appellant a bond with surety prescribed by it, conditioned for the "faithful performance of all the terms and conditions" of that agreement, "and the several specifications therein referred to, and for the purpose of indemnifying the (appellant) party of the first part against all loss or damages to property or person that may result from any act or omission of (Beccio) said party of the second part." And in the bond thereafter executed, is found the obligation that Beccio should faithfully perform his contract with the appellant on his part to be performed, according to the terms, covenants and conditions thereof.

It was because of Beccio's omission or failure to pay Flabbi for the work done by him that the appellant was obliged to pay Flabbi's claim. This expenditure, or loss sustained by the appellant, was, we think, covered by the bond, when its obligation is considered in the light of the provisions and covenants of the contract covered by it, and those contained in the appellant's contract with the government, to which it referred, and which by agreement of the parties were considered as incorporated therein. To give the bond a narrower or more technical meaning would we think defeat the express intention and agreement of the parties in the execution of the bond.

From what we have said the demurrer in our opinion should have been overruled. We shall therefore reverse the judgment appealed from.

> *Judgment reversed and case remanded, the appellee to pay the costs.*